**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAWRENCE CRAWFORD,

    Plaintiff,

                                        Case No. 08-14586
v.                                       Hon. Lawrence P. Zatkoff

SGT. BROWN et al.,

    Defendants.
                                             /

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

Plaintiff submitted his complaint and application to proceed *in forma pauperis* [dkts 1 & 2] on October 29, 2008. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of

fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court is unable to find a basis for subject-matter jurisdiction.

Plaintiff, a South Carolina prisoner, requests that the Court issue a declaratory judgment and/or a writ of mandamus compelling a South Carolina state court to accept his tort claim filings. Any relationship to the state of Michigan is unknown, and this court has previously transferred a

petition for habeas corpus filed by Plaintiff to a South Carolina federal district court. *See Crawford v. Williams*, Case No. 08-12537 (E.D. Mich. 2008) (Hood, J.).

Under § 1915(e), the Court must dismiss a case that does not establish the Court's subject-matter jurisdiction. *See, e.g.*, *Abner v. City of Detroit*, 103 Fed. Appx. 557 (6th Cir. 2004). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer independent subject-matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."). Subject-matter jurisdiction must be found elsewhere for the Court to proceed.

The Court's power to issue a writ of mandamus arises under two statutes. The first statute, 28 U.S.C. § 1361, grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added). As employees of the South Carolina court system are not officers or employees of the United States or an agency thereof, § 1361 cannot serve as a jurisdictional basis. *See Walbridge Aldinger Co. v. City of Detroit*, 296 Fed. Appx. 527, 532 (6th Cir. 2008).

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts may "issue all writs necessary or appropriate *in aid of their respective jurisdiction* and agreeable to the usages and principles of law." (emphasis added). This Act also does not serve as an independent source of subject-matter jurisdiction. S*ee Syngenta Crop Prot. v. Henson*, 537 U.S. 28, 31 (2002); *Hodges v. Bell*, 170 Fed. Appx. 389, 394 (6th Cir. 2006). Since the Court does not enjoy jurisdiction over this matter, no writ can issue to aid its jurisdiction.

These principles support the well-established rule that a federal district court may not issue a writ of mandamus to compel a state court or its officers to act. *See Seyka v. Corrigan*, 46 Fed. Appx. 260, 261 (6th Cir. 2002); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

As a final matter, Plaintiff ostensibly filed a copy of the complaint that he attempted to file in the South Carolina courts. This complaint includes a claim arising under 42 U.S.C. § 1983, which would invoke federal-question jurisdiction under 28 U.S.C. § 1331. Even though Plaintiff utilizes a civil-rights cover sheet in filing the current action, he specifically states his intention not to file his § 1983 claim with this Court. Therefore, this does not alleviate Plaintiff's jurisdictional shortcomings.

As this Court does not enjoy subject-matter jurisdiction to offer Plaintiff the relief sought, this case must be dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's remedy lies with the appellate procedures of the South Carolina court system.

### III. CONCLUSION

For the above reasons, the Court finds that Plaintiff's complaint does not state a claim upon which relief may be granted as the Court lacks subject-matter jurisdiction to hear the case. Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                                              s/Lawrence P. Zatkoff
                                                              LAWRENCE P. ZATKOFF
                                                              UNITED STATES DISTRICT JUDGE

Dated: February 10, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290